IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PSC INDUSTRIAL OUTSOURCING, L.P., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 10-00751 ACK-BMK<br>Civ. No. 11-00014 ACK-BMK<br>Civ. No. 11-00073 ACK-BMK<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTIONS TO REMAND BE GRANTED |
|---|---|---|
| Plaintiff, | | |
| vs. | | |
| THE BURLINGTON INSURANCE COMPANY, | | |
| Defendant. | | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTIONS TO REMAND BE GRANTED

Before the Court are Plaintiff PSC Industrial Outsourcing, L.P.'s ("Plaintiff") Motions to Remand under 28 U.S.C. § 1447(c) and Rule 7 of the Federal Rules of Civil Procedure ("FRCP"). The Court heard Plaintiff's Motions on February 24, 2011. After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, the Court finds and recommends that Plaintiff's Motions be GRANTED.

BACKGROUND

The three actions[1] before the Court arise from three separate and

---

[1] The three actions before this Court are: PSC Industrial Outsourcing, L.P. v. The Burlington Insurance Company, CV. Nos. 10-00751 ACK-BMK, 11-00014 ACK-BMK, and

ongoing state court actions, stemming from an October 7, 2008 industrial explosion at a used oil recycling plant operated by Plaintiff. (Kahookele, Doc. 18 at 1.) The incident occurred while a contractor performed welding activities on a catwalk, resulting in the sudden explosion of an oil tank below. (Id. at 7) As a result of the explosion, Sean Miguel Norva, an employee of Panacorp.,[2] was instantly killed. (Id. at 8.) Additionally, David Kahookele sustained injuries. (Id.) A neighboring business, Bomat, Ltd. dba Bonded Materials Company ("Bomat") also sustained damages from the explosion. (Id.)

In each of the state court actions,[3] Plaintiff filed a third-party complaint against Defendant Burlington Insurance Company ("Defendant"),

---

11-00073 ACK-BMK. As stated below, each of these actions was removed from three separate cases in state court, all of which arise from a 2008 industrial explosion. Case No. 10-000751 ACK-BMK was removed from a state court action filed by David Kahookele, who was hurt during the explosion. In this Order, the Court will refer to this removed action (CV. NO. 10-00751 ACK-BMK) as "Kahookele." Similarly, CV. No. 11-00014 ACK-BMK was removed from a state court action filed by Sean Norva, and this Court will therefore refer to this removed action as "Norva." Finally, CV. No. 11-00073 ACK-BMK was removed from a state court action filed by Bomat, Ltd. dba Bonded Materials Company, and this removed case will be referred to as "Bomat" in this Order.

[2] On May 30, 2008, Mr. Macario C. Panajon entered into a contract agreement with Plaintiff to perform the welding work using the business name, Pan Co. (Kahookele, Doc. 18 at 2.) Mr. Panajon obtained additional general liability insurance specifically for the work to be performed for Plaintiff. (Kahookele, Doc. 20 at 2.) Also during May 2008, Mr. Panajon incorporated the business as "Panacorp, Inc." (Kahookele, Doc. 18 at 2.) There remains dispute as to whether the workers and/or the additional insurance obtained for Plaintiff's work were under the name Pan Co. or Panacorp. (See Civ. No. 09-00587, Doc. 154 at 3.)

[3] In addition to the three state court actions, Burlington also filed two lawsuits in this Court, which are currently stayed.

seeking a declaration of coverage under Defendant's policy. (Kahookele, Doc. 20 at 2.) Defendant responded by filing motions to sever the claims against it in Plaintiff's third-party complaints. (Id. at 7.) After the state court granted Defendant's motions to sever, Defendant removed the severed declaratory claims from the third-party complaints pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. (Kahookele, Exs. 11-13.)

As discussed below, the Court finds Defendant's Notice of Removal for Kahookele untimely under 28 U.S.C. § 1446(b), which requires a notice of removal be filed within thirty days from when it can first be ascertained that a case is removable. On November 10, 2010, the state court orally granted Defendant's motion to sever Plaintiff's third-party complaint in the Kahookele action and issued Court Minutes to that effect. The court also requested that Defendant's counsel prepare a written order granting the motion to sever. (Kahookele, Doc. 20 at 12.) Defendant submitted the order to sever on December 8 and filed its Notice of Removal on December 16, 2010. (Id.)

In addition and subsequent to the timeliness issue addressed in Kahookele, the Court finds that the factors under the Declaratory Judgment Act weigh in favor of remanding all three actions to state court. Therefore, the Court recommends that Plaintiff's Motions to Remand be GRANTED.

DISCUSSION

Plaintiff asks this Court to remand Kahookele under 28 U.S.C. § 1446(b). Plaintiff asserts Kahookele should be remanded because (1) Defendant filed its Notice of Removal more than one year after the original action commenced, and (2) Defendant filed the Notice of Removal more than thirty days after the state court granted Defendant's motion to sever its claims from the third-party complaint. (Kahookele, Doc. 18 at 1.) Moreover, Plaintiff argues that all three actions should be remanded in light of the Declaratory Judgment Act and the Younger abstention doctrine. (Id.; Norva, Doc. 16 at 2; Bomat, Doc. 8 at 2.)

As detailed below, the Court finds the removal of Kahookele untimely and that Norva and Bomat are subject to remand under to the Declaratory Judgment Act. This Court does not analyze Plaintiff's alternative arguments.

I.      Removal Under 28 U.S.C. § 1446(b)

Plaintiff asserts that Defendant's removal was "untimely because it exceeded 'thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" (Kahookele, Doc. 18 at 19.) The Court finds this argument, as applied to Kahookele, persuasive.

4

The procedure for removal is set out in 28 U.S.C. § 1446. Section 1446(b) provides:

> If a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

There are two thirty-day windows during which a case may be removed. Harris v. Bankers Life & Cas., Co., 425 F.3d 689, 692 (9th Cir. 2005). The first thirty-day window applies to the defendant's receipt of the initial pleading. Id. The second thirty-day removal period applies when the case, as stated by the initial pleading, is not immediately removable. Id. at 694. In the latter instance, a notice of removal may be filed when a defendant receives "a copy of an amended pleading, motion, order or other paper from which the ability to remove may first be ascertained." 28 U.S.C. § 1446(b); see also Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010). The second thirty-day window is applicable in this case.

On November 10, 2010, the state court orally granted Defendant's motion to sever the third-party Kahookele action in state court (resulting in Civ.

5

No. 10-00751 ACK-BMK) and requested that Defendant prepare the order. (Kahookele, Doc. 18 at Ex. 51 ("the court will stand by its inclination and grant the motion. Mr. O'Neill to prepare the order.")) The court also issued Court Minutes, which indicated that the motion to sever was granted.[4] Importantly, the Court Minutes constitute "an order[] or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Indeed, during the hearing on these Motions to Remand, Defendant conceded that Court Minutes are an "order[] or other paper" for purposes of § 1446(b), as applied to the Bomat case. Based on Defendant's concession, the Court finds that the Minutes issued in Kahookele constitute an "order[] or other paper" under that statute as well.

In addition to the Court Minutes, the court's oral ruling on the motion to sever served as further notice to Defendant that the case had become removable. The Ninth Circuit has consistently recognized that the second thirty-day period begins to run when the defendant "is on notice of removability." Harris, 425 F.3d at 691, 697 (holding the case became removable when "complete diversity between

---

[4] Defendant's counsel, Ralph O'Neill, states in his declaration that he did not receive the Court Minutes. (Kahookele, O'Neill Decl'n ¶ 5.) However, defense counsel clearly had notice of the content of the Minutes, as he was present at the November 10, 2010 hearing and heard the state court's oral ruling, which granted Defendant's motion to sever and directed him to prepare an order to that effect. (Id. ¶ 3.)

6

the [ ] parties first became ascertainable" by the receipt of a letter from the plaintiffs wherein defendants concluded *through implication* that the plaintiff abandoned claims against a party resulting in the case having complete diversity); see also Carvalho, 629 F.3d at 886 ("The notice of removal was filed within thirty days of [the plaintiff's] deposition testimony, which was 'other paper from which it may first be ascertained that the case is removable.'").

In this case, the record supports the finding that Defendant's Notice of Removal was untimely under 28 U.S.C. § 1446(b) because it was filed beyond the thirty-day period from which defendant received its "first indication" whereby it could "reasonably determine" that the severed claim was removable. Carvalho, 629 F.3d at 886. Clearly, Defendants were on notice that the claims against it in the third-party complaint in Kahookele were removable when the state court issued its Court Minutes and orally granted its motion to sever. See Carvalho, 629 F.3d at 886. Therefore, the Court concludes that the state court's November 10, 2010 Court Minutes and oral ruling served as notice to Defendant that the severed claims were removable. Consequently, the Notice of Removal was due within thirty days of that date, or December 10, 2010. Because Defendant's Notice of Removal was not filed until December 16, 2010, it was untimely. Therefore, the Court recommends that Plaintiff's Motion to Remand in Kahookele be granted.

7

II.	Remand of Norva and Bomat Under the Declaratory Judgment Act

Plaintiff argues in all three Motions to Remand that the Declaratory Judgment Act warrants remand of each removed action. Because Defendant failed to timely remove Kahookele, Plaintiff's arguments for remanding Norva and Bomat under the Declaratory Judgment Act is persuasive, as the remanded Kahookele action will be addressing identical claims in state court.

In assessing whether to exercise jurisdiction under the Declaratory Judgment Act, the Ninth Circuit has stated that federal courts "must balance concerns of judicial administration, comity, and fairness to the litigants." Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991). Additionally, the Ninth Circuit stated, "practicality and wise judicial administration" considerations "generally counsel against the exercise of federal-court jurisdiction over claims for declaratory relief that involve only state law questions and are brought during the pendency of a related state court proceeding. Certainly that is the case with insurance coverage disputes." See Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 801 (9th Cir. 1995); see also Am. Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1019 (9th Cir. 1995); Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1374 (9th Cir. 1991)

The "philosophic touchstone" for the district court when considering whether to exercise its discretion to retain jurisdiction over a declaratory judgment action lies in the factors enumerated by the Supreme Court in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). The Supreme Court provided three factors to balance when considering whether a federal court should exercise jurisdiction: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions in an attempt to forum shop; and (3) avoiding duplicative litigation. Id. at 494.

A.   Avoiding Needless Determination of State Law

With regard to the first Brillhart factor, allowing Norva and Bomat to proceed at the federal level would result in needless determinations of state law issues. A needless determination of state law may occur when (1) there are parallel state proceedings involving precise state law issues and (2) there is no compelling federal interest, i.e., diversity jurisdiction. Keown v. Tudor Ins. Co., 621 F. Supp. 2d 1025, 1029, 1036 (D. Haw. 2008) (citing Robsac Indus., 947 F.2d at 1371).

The remand of Kahookele as well as the three ongoing state actions constitute parallel state proceedings. Gemini Ins. Co. v. Clever Constr., Inc., Civ. No. 09-00290 DAE-BMK, 2009 WL 3378593, at *7 (D. Haw. Oct. 21, 2009) ("A state proceeding is parallel to a federal declaratory judgment action when: (1) the

actions arise from the same factual circumstances; (2) there are overlapping factual questions in the actions, or (3) the same issues are addressed by both actions."). In cases where parallel state proceedings exist, "there is a presumption that the entire suit should be heard in the state court." Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (citing Chamberlain, 931 F.2d at 1366-67). In addition, all of the actions "involve[ ] insurance law, an area that Congress has expressly left to the states" and raise no compelling federal interest. Robsac Indus., 947 F.2d at 1371. Further, the instant actions raise two unsettled issues of state law: (1) whether the policy at issue affords coverage to a corporation that is solely owned by an individually named insured who conducts business through the corporation and (2) whether the policy would provide coverage to a solely owned corporation that is the mere alter-ego of the individually named insured. See Keown, 621 F. Supp. 2d at 1032 (declining jurisdiction over a declaratory judgment claim relating to a liability insurance exclusion "to avoid needlessly determining a state law issue that the Hawaii courts have yet to address").

  B.  Avoiding Duplicative Litigation

The third Brillhart factor, avoiding duplicative litigation, also favors remanding Norva and Bomat. The insurance coverage dispute is at the crux of all of the actions stemming from the October 7, 2008 incident. Additionally, once

Kahookele is remanded for lack of timeliness, the state court will be addressing the identical disputes found in both Norva and Bomat. Permitting the federal actions to go forward during the pendency of an identical action in state court would frustrate the policy of avoiding duplicative litigation and waste judicial resources in violation of the third Brillhart factor. See Robsac Indus., 947 F. 2d at 1373.

C.          Dizol Factors

The Ninth Circuit identified additional factors when considering whether federal courts should exercise jurisdiction. Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998). The factors include:

> Whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purpose of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties and the availability and relative convenience of other remedies.

Id. at 1225 n.5. Several of the Dizol factors weigh in favor of remand. In particular, entanglement between the federal and state court systems and convenience to the parties warrant remand here.

Not only are several related actions ongoing in the state court system, but the remand of Kahookele creates an identical action at the state level that

11

would result in undue entanglement between the federal and state systems should

Norva and Bomat remain in the federal system. This Court has already stayed two

related federal actions in part due to "undue entanglement" and in deference to

"judicial administration." (See Order Civ. No. 09-00587 ACK-BMK, Doc. 154

at 51-52.)

Furthermore, the remand of all three actions would be more

convenient to the parties involved. The October 7, 2008 incident currently

involves five parties in various stages of separate litigation at the state court level.

To have the parties involved in identical litigation in this Court would be

inconvenient. Accordingly, the balance of Brillhart and Dizol factors weighs in

favor of remanding Norva and Bomat.

Lastly, it is necessary to determine whether Plaintiff's complaint

includes claims independent of the declaratory relief sought. Defendant argues this

Court cannot decline jurisdiction because Plaintiff's complaint "goes far beyond

what would be alleged in a mere declaratory relief action." (Kahookele, Doc. 20

at 30.) Defendant, relying on First Ins. Co. v. Callan Assocs., Inc., 113 F.3d 161

(9th Cir. 1997), claims Plaintiff implicitly establishes "the key elements of its

breach of contract and bad faith claims" and therefore this Court should not

remand the actions. (Kahookele, Doc. 20 at 30-31.)

The Ninth Circuit Court of Appeals applies "the principle that 'when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.'" Keown, 621 F. Supp.2d at 1029 (citing United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1112 (9th Cir. 2001); see also Snodgrass v. Provident Life & Acc. Ins. Co., 147 F.3d 1163 (9th Cir. 1998).

Defendant improperly relies on Callan for support. (Kahookele, Doc. 20 at 29.) In Callan, the Ninth Circuit reversed the district court's decision declining jurisdiction, holding the action was one for rescission rather than merely for declaratory judgment. Callan, 113 F.3d at 163. "An action to rescind an insurance contract is distinct from an action merely to interpret an insurance contract." Id. (citing Home Ins. Co. v. Townsend, 22 F.3d 91, 92 (5th Cir. 1994). The Ninth Circuit found that rescission was "implicit as a remedy in the complaint" and became "explicit in the Joint Case Management Conference Statement." Id.

In the instant actions, Plaintiff has not explicitly or implicitly included a claim for breach of contract or bad faith. Additionally, in contrast to Callan,

Defendant's removed claims are "essentially one[s] for declaratory judgment regarding contract rights;" consequently, they do not provide an independent basis for federal jurisdiction. See Maui Land & Pineapple Co. v. Occidental Chem. Corp., 24 F. Supp. 2d 1079, 1081 (D. Haw. 1998) (distinguishing Callan).

## CONCLUSION

In summary, the Court finds Defendant's removal of Kahookele (Civ. No. 10-00751 ACK-BMK) untimely under 28 U.S.C. § 1446(b) because Defendant did not timely remove within thirty days from first ascertaining the case was removable. The Court also finds the Declaratory Judgment Act warrants remand of Norva (Civ. No. 11-00014 ACK-BMK) and Bomat (Civ. No. 11-00073 ACK-BMK). Therefore, this Court recommends Plaintiff's Motions to Remand be GRANTED.

DATED: Honolulu, Hawaii, March 17, 2011

IT IS SO FOUND AND RECOMMENDED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

PSC Indus. Outsourcing, L.P. v. Burlington Ins. Co., Civ. Nos. 10-00751 ACK-BMK, 11-00014 ACK-BMK, 11-00073 ACK-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTIONS TO REMAND BE GRANTED.